IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| In re Ducane Gas Grills, Inc., )<br>                      Debtor. )<br>                          )<br>Lil Ann Gray, )<br>                          )<br>       Plaintiff-Appellant, )<br>                          )<br>vs. )<br>                          )<br>Weber-Stephen Products Co. and )<br>Ducane Products Co., )<br>                          )<br>       Defendants-Appellees. )<br>_____)<br>Lil Ann Gray, )<br>                          )<br>       Plaintiff-Cross-Appellee, )<br>                          )<br>vs. )<br>                          )<br>Weber-Stephen Products Co. and )<br>Ducane Products Co., )<br>                          )<br>       Defendants-Cross-<br>       Appellants. )<br>_____) | C/A No. 3:05-1364-MBS |

**OPINION AND ORDER**

      Plaintiff-Appellant Lil Ann Gray ("Appellant") appeals the Order Granting Motion for Rule 9011(b) Sanctions issued in the United States Bankruptcy Court by the Honorable John E. Waites on March 21, 2005 ("Sanctions Order"). Defendants-Cross-Appellants Weber-Stephen Products Co. ("Weber") and Ducane Products Co. ("DPC") (together "Appellees") also appeal the Sanctions Order, contending that the sanctions imposed were insufficient to deter Appellant's wrongful conduct. Appellant filed a brief on June 24, 2005, and an amended brief on June 28, 2005.

Appellees filed a brief on August 18, 2005, to which Appellant filed a reply brief on October 17, 2005. The parties attempted to resolve the matter, but informed the court on April 25, 2006 that settlement was not possible.

## I. FACTS

The facts are thoroughly discussed in the Sanctions Order. Briefly, Appellant represented Amy and Marc Newman and Newman Grill Systems, LLC (together, "Plaintiffs"). Plaintiffs developed a specialized multi-purpose grill (the "Chuck Wagon") that could be transported to football games. Plaintiffs and Ducane Gas Grills, Inc., n/k/a DGG, Inc. ("Ducane") entered into certain marketing agreements in 2003 wherein Ducane held the exclusive rights for the manufacture, distribution, and sale of the Chuck Wagon. The Newmans, as independent contractors, agreed to be the primary marketing representatives for the Chuck Wagon. Plaintiffs assigned all their rights, title, and interest in the Chuck Wagon to Ducane on September 2, 2003.

On December 5, 2003, Ducane filed for relief under Chapter 11 of the Bankruptcy Code. In February 2004, the bankruptcy judge required Ducane to proceed with a sale of its assets. Notice of sale of property was issued on February 26, 2004. Ducane did not serve Plaintiffs with notice of the sale; however, Ducane advised Marc Newman of the impending sale in February 2004. On March 3, 2004, Weber was declared the successful bidder for substantially all of Ducane's assets, including rights appertaining to the Chuck Wagon. Weber did not purchase the marketing agreements entered into between Ducane and Plaintiffs.

The bankruptcy judge approved the sale on March 5, 2004 (the "Sale Order"). Significantly, the bankruptcy judge set forth in the Sale Order that Weber was a good faith purchaser under 11

U.S.C. § 363(m)[1] and was entitled to the protections afforded by that statute. On March 9, 2004, Weber and its assignee, DPC, formally purchased the Ducane assets pursuant to the terms of an asset purchase agreement.

On May 20, 2004, Plaintiffs filed a complaint against Appellees. They filed an amended complaint on June 4, 2004 in which they added Ira Zolin and Ducane defendants. Among other things, Plaintiffs alleged that Ducane failed to provide proper notice of the sale, and they sought to enforce the provisions of the marketing agreements. Plaintiff further alleged causes of action for conversion, civil conspiracy, and patent infringement. Appellees filed an answer asserting that Plaintiffs' causes of action were barred by the terms of the Sale Order.

Appellees filed a motion for summary judgment on July 30, 2004, and a motion for sanctions on September 9, 2004. A hearing was held on November 12, 2004, at which time Plaintiffs abandoned their causes of action against Appellees. The bankruptcy judge thereafter issued the Sanctions Order in which he recited the lengthy procedural history of the case and the facts that Appellant knew or should have known at the time of filing of the complaint. The bankruptcy judge noted that the Sale Order could have been challenged by either (1) appealing the Sale Order to the district court, or (2) attacking the order collaterally pursuant to Fed. R. Civ. P. 60(b), which is applicable to bankruptcy proceedings pursuant to Fed. R. Bankr. P. 9024. Accordingly, the bankruptcy judge concluded that Plaintiffs' causes of action were an improper attempted collateral

---

[1] Section 363(m) provides:
> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

3

attack against the Sale Order, and that sanctions pursuant to Fed. R. Bankr. P. 9011 were appropriate. The bankruptcy judge imposed sanctions in the amount of $8,000.00, to be paid to Appellees.

## II. DISCUSSION

On review of a bankruptcy judge's order, a district court functions as an appellate court and may affirm, reverse, modify, or remand with instructions for further proceedings. Fed. R. Bankr. P. 8013. The district court reviews the bankruptcy judge's findings of fact for clear error and conclusions of law de novo. In re Deutchman, 192 F.3d 457 (4th Cir. 1999). The court applies an abuse of discretion standard with regard to the bankruptcy judge's imposition of sanctions against Appellant. See Brubaker v. City of Richmond, 943 F.2d 1363, 1374 (4th Cir. 1991).

Appellant contends that the bankruptcy judge abused his discretion in imposing sanctions under Rule 9011. The court disagrees.

Rule 9011 provides, in pertinent part:

(b) Representations to the court.

By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

> . . . .
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

(c) Sanctions

If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated

below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Rule 9011 sanctions are warranted where it is clear that (1) reasonable inquiry into the basis for the pleading has not been made; (2) under existing precedents there is no chance of success; and (3) no reasonable argument has been advanced to extend, modify, or reverse the law as it stands. In re Frankel, 191 B.R. 564, 575 (S.D.N.Y. 1995) (citing cases).

The court has thoroughly reviewed the record and arguments of counsel. In this case, the bankruptcy judge determined that the grounds for the grant of summary judgment were known, or should have been known, by Appellant prior to the filing of the complaint and amended complaint. The bankruptcy judge noted that Appellant never challenged the Sale Order and effect of § 363(m), and that she proceeded with the litigation even after Appellees raised the Sale Order as a defense, filed a motion for summary judgment, and notified Appellant of their intent to file a motion for sanctions. The bankruptcy judge determined that Appellant offered no reasonable explanation or argument as to why the Sale Order and § 363(m) should not apply to protect the transfer of property to Appellees: Plaintiffs had assigned all title and interest in the Chuck Wagon to Ducane in September 2003; the Sale Order provided that the sale of Ducane's assets to Weber was free and clear of all liens, claims, encumbrances, and other interests; and the Sale Order identified Weber as a good faith purchaser entitled to the protections of § 363(m). Although Appellant may have acted in good faith and relied on the bankruptcy judge to fashion a remedy for her clients, a good faith belief in the merits of an argument is insufficient to avoid Rule 9011 sanctions. An attorney's belief must be in accord with what a reasonable, competent attorney would believe under the circumstances. In re Brown, 152 B.R. 563, 567 (E.D. Ark. 1993) (citing White v. Gen. Motors

5

Corp., 908 F.2d 675, 680 (10th Cir. 1990) (discussing Fed. R. Civ. P. 11).  As the bankruptcy judge noted, the allegations against Appellees were without legal or evidentiary support.  Further, Appellant proceeded with the litigation despite being given opportunities to withdraw the causes of action based upon Appellees' asserting the Sale Order and § 363(m) as defenses.

Appellant's contentions are without merit.  The court concludes that the bankruptcy judge's findings of fact were not clearly erroneous, and that the bankruptcy judge did not abuse his discretion in finding that Rule 9011 sanctions were appropriate under the circumstances.

Appellees contend on cross-appeal that the bankruptcy judge erred in failing to impose sanctions in a greater amount than $8,000.00.  According to Appellees, the sanctions were insufficient to effectively deter Appellant from future litigation abuse.  The court disagrees.

The bankruptcy judge carefully considered the appropriate monetary sanction in light of the factors set forth in Brubaker v. City of Richmond, 943 F.2d 1363 (4th Cir. 1991) (applying Fed. R. Civ. P. 11).  These factors are (1) the reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; (3) the ability to pay; and (4) factors related to the severity of the Rule 9011 violation.  See id. at 1373-74.  As to the first factor, the bankruptcy judge noted that only $43,000.00 of the $73,000.00 in attorney's fees incurred by Appellees should be considered as related to the sanctionable conduct.  As to the second factor, the bankruptcy judge found that only a fraction of the allowable attorney's fee would be sufficient to deter future conduct.  The bankruptcy judge concluded that the third factor militated in favor of payment of an appropriate sanction.  As to the third factor, the bankruptcy judge stated that he found the conduct to be a severe violation of Rule 9011 because Appellant and Plaintiffs improperly attacked the strong principles protecting good faith purchasers, and continued to pursue their claims despite being given several opportunities to

withdraw their causes of action. The court cannot say that the bankruptcy judge abused his discretion in finding that $8,000.00 was sufficient to satisfy the purposes of Rule 9011. Appellees' contention is without merit.

### III.  CONCLUSION

For the reasons stated, the bankruptcy judge's decision to impose sanctions in the amount of $8,000.00 is **affirmed**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

July 26, 2007.